No. 52.—WILLIAM HARDIN, plaintiff in error *vs.* ELIJAH LUMPKIN, defendant.

[1.] In actions "on the case for words," where the damages assessed are less than forty shillings, the plaintiff can have no more costs than damages.

Illegality—from Floyd Superior Court, decided by Judge WRIGHT, May Term, 1848.

The facts are found in the opinion of the Court.

W. H. HULL, and T. R. R. COBB, representing HACKETT, for plaintiff in error.

Wm. H. Underwood, and Wm. Martin, for defendant in error.

Judge Lumpkin did not preside in this cause, the defendant in error being a relative.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] In an action for slander, Elijah Lumpkin recovered of Wm. Hardin ten cents damages, and costs of suit. The finding of the jury was in these words : " We, the jury, find ten cents and costs of suit for the plaintiff." The defendant below paid the ten cents damages, and ten cents of the costs, and the Court then sitting, passed an order that he be authorised to enter up judgment against the plaintiff, for the excess of costs over ten cents. Execution issued upon this judgment, and the defendant in execution, who was the plaintiff in the action, filed to it an affidavit of illegality, alleging that, according to law, he was entitled to full costs upon the verdict ; the plaintiff in *fi. fa.* replied that by law, in actions of slander, where the finding for the plaintiff is less than forty shillings, he is entitled to no more costs than damages. Judge Wright determined in favor of the illegality, and we think Judge Wright was wrong.

We are governed in our judgment by our Statute—the Act of 1767. By the 8th sect. of that Act, it is declared that "in all actions upon the case for slanderous words, to be sued or prosecuted by any person or persons in the General Court in this province, or in any other Court having power to hold plea of the same, after the passing of this Act, if the jury, upon the trial of the issue in such action, or the jury that shall inquire of the damages, do find or assess the damage under forty shillings, then the plaintiff or plaintiffs in such action, shall have and recover only so much costs as the damage so given or assessed amount unto, without any further increase of the same, any law, statute, custom, or usage to the contrary in any wise notwithstanding." *Prince,* 576. This is a *Provincial Statute,* and was adopted by the Legislature in 1784. It is, in substance, a copy of the Statute of James upon the subject. The Legislature adopted it as it was of force on the 14th day of May, 1776. The British Statutes, adopted by the Act of '84, were adopted with the judicial constructions of the English Courts. The British Statute of James,

of which the above section is in substance a part, has never been
adopted in this country. The Provincial Act of '67, is a Statute
of our own, first passed by the Province of Georgia, and in '84 made
a law of the State by Act of the Legislature. We are not, there-
fore, bound by the constructions of the Statute of James, by the
Courts of Great Britain. We are told that exceptions have been
made in that country to that Act, one of which is, that where the
jury find damages under forty shillings, and also find the costs,
the plaintiff is entitled to full costs. It is claimed that this is a
verdict of that kind, and therefore this plaintiff is entitled to full
costs. It is true, that in an action for words, in themselves action-
able, with an averment of special damages, if it clearly appear
as by a special verdict, and separate assessment, that the special
damages were actually considered by the jury, the case, by the de-
cisions in England, is not within the Statute of James. 1 *Vent.* 93.
1 *Mod.* 31. 2 *Reb.* 589. 2 *Starkie*, 108. There are also other excep-
tions. To this idea, drawn from the English Courts, it may be
replied that this verdict is not within the exception. The rule
that makes it, requires that the words be actionable within them-
selves, which is the case here. That there also be, in the decla-
ration, a claim for special damage, which is not made in this
case, and that the jury did actually consider of the special dama-
ages; which fact is manifested by a special verdict or separate
assessment. In this case the verdict is not special; there is no
separate assessment. The jury find ten cents damages, and costs.
We understand them to mean ten cents damages and the costs
which the law prescribes in such cases. But if the case was with-
in the exception, it is not an exception to *our* Statute, and is not
obligatory upon this Court. We have adopted the Common
Law, and many British Statutes, with the well settled judicial
construction of them, but this is not one of them. This is a Stat-
ute, I repeat, of our own enactment. It is of force here by its
own inherent vigor, derived from the Legislature. The Leg-
islature have not adopted the decisions which have been made
upon a prior and analagous Statute in England. They intended
to avoid doing that very thing—else, why legislate at all upon the
subject? Why not adopt the English Statute, and thereby the
constructions made upon it. The provincial Legislature intend-
ed, without doubt, to adopt the Statute of James, as it originally
stood, without the judicial constructions, and the Legislature of

'84, which continued it in force, intended to do the same.   As the Act of 1767 was in force upon the people of this Province in 1776, so is it at this day, the law of the State, and so is it binding upon this Court.   Whatever judicial constructions were put upon it, if any, intervening its date and 1777, would be also binding upon us.   We know of none.   It is, under this view of the whole subject, the duty of this Court to take this Act as we find it, on the Statute Book, and to give it effect according to its primary meaning and intent.   We have no power to make exceptions which the Legislature have not made—not only so, but which they intended to exclude.   It is manifest from the wording of the section applicable to this case, that they intended to admit no exception, and to exclude all, which judicial legislation had engrafted upon the Statute of James.   The section embraces "*all* actions upon the case for slanderous words;" in all these, where the damages are under forty shillings, the plaintiff shall "have and recover *only* so much costs as the damages so given or assessed amount unto, *without any farther increase of the same.*" And to put aside all previous laws upon this subject, the Legislature adds this very specific repealing clause, " any law, Statute, custom or usage to the contrary, in any wise, notwithstanding.'' The Legislature intended that in *no action* for slanderous words, where the damage assessed does not amount to forty shillings, should the plaintiff have more costs than damages.   Such is our understanding of the Act of 1667, and we will give it effect accordingly, the more cheerfully because its policy meets our hearty approval.   That policy is to prevent frivolous suits for slander.   To keep out of the Courts those little neighborhood jars, which ought to be unnoticed, or which can be settled in the Courts of the fire-side, and which acquire ten fold potency and malignity, by introducing them into the Courts of Justice.

Let the judgment of the Court below be reversed.