### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT MACON,

### FEBRUARY TERM, 1852.

Present—JOSEPH H. LUMPKIN,
HIRAM WARNER, } Judges.
EUGENIUS A. NISBET,

---

No. 22.—WILLIS A. MANGHAM, plaintiff in error, *vs.* WILLIAM H. C. REED, defendant in error.

[1.] *Query.* Whether actions for injuries to personal property, are within the provisions of 22 and 23 Charles II. which declares, that in personal actions, when damages are below 40 shillings, the plaintiff shall recover no more costs than damages?

[2.] In an action of trespass, for an injury done to the plaintiff's slave, the Jury rendered a verdict in favor of the plaintiff for costs: *Held,* that such a verdict and the judgment thereon, are nullities; that in legal effect this was a finding in favor of the defendant; and that the law carried the costs in his favor, against the plaintiff.

[3.] Upon illegality, the validity of a judgment cannot be inquired into.

Affidavit of illegality to *fi. fa.* for cost, in Pike Superior Court. Decided by Judge STARK, at February adjourned Term, 1852.

An action of trespass was brought by the plaintiff, against the defendant, for the beating of a slave belonging to the plaintiff.

VOL XI 18

The Jury found a verdict for the plaintiff for the costs of suit, for which a *fi. fa.* was subsequently issued, to which the defendant filed his affidavit of illegality, on the ground "that the action in which the cost accrued, for which the *fi. fa.* issued, was for damages for whipping a slave ; and the Jury had no right to find a verdict . for costs alone, without finding some damages."

The Court sustained the illegality, and ordered the *fi. fa.* to be set aside, on the ground, " that in this action, the recovery being less than forty shillings, the plaintiff could recover no more costs than damages."

To which decision plaintiff in error excepted.

The plaintiff also moved to dismiss the illegality, upon the ground that it would not lie in such a case as this ; which motion the Court overruled and the plaintiff excepted.

W. W. ARNOLD, for the plaintiff, made the following points, and cited the following authorities :

1. At Common Law, no costs were recoverable ; but by the Statute of Gloucester and others, costs were given " in all cases where *damages may be* recoverable." *Schley's Dig.* 93 *and notes.* 3 *Comyn's Dig.* (*Costs*) *A.* 1 *p.* 223.

2. This was an action of trespass to personal property, and in such cases, the rule of no more costs than damages, does not apply. 2 *Tidd's Pr.* 3d *Am. edit. p.* 963. 1 *Chitty's Pl.* 187. 1 *Starkie's Rep.* 55. 3 *Comyn Dig.* (*Costs*) *A.* 3 *n.* 2 *p.* 228 *n. n. p.* 231, '2, 33, '4.

The rule only applies to *personal actions proper,* (and not to actions for injury to personal property) and by special acts to actions for slander, &c. 3 *Comyn Dig. Cost, A.* 3 *p.* 228, *n. n. p.* 231, '4. 2 *Tidd's Pr.* 965. 2 *Wheat. Selw.* 1371, '2, '4.

3. Again : the rule does not bind the Jury, but only the Court ; and here the Jury expressly find for the plaintiff " *the costs of suit.*" 3 *Com. Dig. Cost, A.* 3 *n.* 2 *p.* 228 *and* 233. 2 *Tidd's Pr.* 967. And by pleading only the general issue, the

Mangham *vs.* Reed.

defendant is bound to pay the costs. 5 *Bing*. *Rep*. 196. 3 *Brod.* & *B.* 117.

4. In this case, illegality is not the proper remedy. It goes behind the judgment to the verdict. 7 *Ga. Rep.* 204.

H. GEEEN, for defendant.

Points taken and authorities cited :

1st. At Common Law, previous to the Statute of Gloucester, no costs were recoverable. That Statute gave to the plaintiff the right to recover costs in all actions in which he was entitled to recover *damages.* 6 *Edwards*, 1. *See Schley's Dig.* 93.

2d. The Statute of 22d and 23d Charles II. restricts the plaintiff's right to full costs, in all actions, *ex delicto*, where the finding is less than 40 shillings, and he is not permitted to recover any more costs than damages. *See Schley's Digest*, 251. 2 *Sellon's Practice*, 430.

3d. The Jury cannot control the costs in but one way, and that is by finding the amount of damages required to carry costs. *Hardin vs. Lumpkin*, 5 *Ga. Rep.* 452.

4th. The Statute of 22d and 23d Charles II. was held by the Judges, in Convention, to apply to an action of malicious prosecution. There the finding of the Jury was for one dollar ; and the Judges held that the plaintiff was entitled to no more costs than damages. *Dudley's R.* 176.

By the Court.—NISBET, J. delivering the opinion.

[1.] No final costs were recoverable at Common Law. 2 *Inst.* 288. *Tidd's Pr.* 945. 2 *Com. Dig.* 542. By Statute of *Gloucester*, (6 *Edwards*, *I.*) the plaintiff shall recover costs in all cases where damages are recovered. Divers Statutes were subsequently passed to restrain this right of parties plaintiffs. The policy of these restraining Statutes was to discourage vexatious suits. The Statute with which we have to do just now, is that of. 22 *and* 23 *Charles II.* By this Statute it was enacted, that " in all actions of trespass, assault and bat-

tery, and other personal actions, wherein the Judge at the trial of the cause, shall not find and certify under his hand, upon the back of the record, that an assault and battery was proved, or that the freehold or title to the land mentioned in the plaintiff's declaration, was chiefly in question; the plaintiff, in case the Jury shall find the damages to be under the value of 40 shillings, shall recover no more cost of suit than the damages so found shall amount to." Whether trespass for injuries to personal property is within the provisions of this Statute, I do very much doubt. I am, indeed, inclined to believe that injuries to personal chattels are not within it. It has certainly been ruled in the British Courts, that when a party goes for a substantive, independent injury, done to personal chattels, this Statute does not apply. 1 *Salk.* 208. 1 *Stra.* 534. 7 *Moore*, 269. 5 *D. & E.* 482. 1 *Taun.* 357. *Tidd's Practice*, 965.

[2.] This action is for an injury done to the plaintiff's slave. We are all agreed, however, that this is a case where the plaintiff below was entitled to no costs at all; but that on the contrary, the defendant was entitled to his full costs. We so rule, upon the ground that the finding of the Jury, was, in legal contemplation, a finding for the defendant, and that the cost thereby was cast upon the plaintiff. The Jury rendered a verdict for the costs, in favor of the plaintiff. The question for the Jury to find, was that made by the pleadings. The plaintiff alleged an injury to his slave, by which he lost his services, and claimed damages. The defendant pleaded not guilty. The issue made was this: *is the defendant guilty of the alleged trespass?* Their duty was to determine that question upon the proofs, and upon the proofs assess the damages. If they found him guilty, it was their duty to give damages; if not, to find, generally, for the defendant. Here they have found no damages for the plaintiff, and the conclusion of the law is, that they could not and did not find the defendant guilty of the trespass. They found the costs for the plaintiff, but having found no damages—having thus determined the issue against the plaintiff—they had no right to find costs in his favor. To do so is to violate the law, for a finding for the defendant casts the costs in his favor. It is no part of

Mangham *vs.* Reed.

their duty—that is, it is not necessary for the Jury, at Law, to say a word about the costs, in any event; for the law determines who shall pay the costs, upon their verdict. If they find damages for the plaintiff, they need not say with costs, for the law has settled that. If they find for the defendant, then also, the law determines the cost. At Law, the Jury cannot, as they may in Equity, find a special verdict. They cannot find the issue made in the pleadings against the plaintiff, and at the same time find the costs for him. They have no power to do, what may seem to them equity between the parties. Their duty is single. Having undertaken to do what they cannot do—give costs without finding any damages—the result is, that their finding of costs is a nullity; and the finding was, in Law, a verdict for the defendant. When there is a verdict for the defendant, by Statutes of Great Britain, of force in Georgia, he is entitled to cost. *Statute 23d Henry VIII. Schley,* 160. *Statute 4th James I. Schley,* 235.

[3.] The verdict in this case, and the judgment for costs in favor of the plaintiff below, was a nullity. But the remedy, by illegality, filed against the execution, does not reach the evil. It is too well settled in our Courts, to need a farther remark, that illegality cannot inquire into the validity of the judgment. The execution followed the judgment. It was regular, and nothing is alleged against it, as having occurred subsequent to to the judgment. The counsel for the defendant in error knows the rights of his client, and will, no doubt, know how to pursue them. And whilst we agree with the Court below, that in this case, the plaintiff in the action, is not entitled to any costs, we reverse the judgment, on the ground that the proceeding by illegality, cannot help the defendant.