CONLEY *v.* ARNOLD *et al.*

1. Although, in a civil case, the counsel for one of the parties was legally disqualified to appear and take part in the trial by reason of his being solicitor-general and, as such, having acquired from the opposite party a knowledge of the facts involved in the litigation, yet as no objection to his competency, on this or any other ground, was presented to the court until after verdict, the objection came too late.

2. Matter pleaded in mitigation of damages is not objectionable as mitigation because it would not serve to justify.

3. In an action for a personal injury, where a plea of justification is filed and the jury find for the plaintiff damages to the amount of one dollar only, the verdict is contrary to law; for in such case failure of the defendant to prove justification entitles the plaintiff to a verdict which would carry all the costs of the action, and under section 3681 of the code, a verdict for one dollar and costs would not have this effect.

August 31, 1894.

Action for damages. Before Judge Lumpkin. Fulton superior court. September term, 1893.

D. P. Hill and J. L. Conley, for plaintiff.

C. D. Hill and Arnold & Arnold, for defendants.

Lumpkin, Justice.

1. Mr. Hill, as solicitor-general of the Atlanta circuit, prosecuted Reuben, Frank A. and Reuben R. Arnold for an assault upon Conley. By virtue of his connection with this criminal case, he necessarily acquired from Conley, the prosecutor, a full knowledge of all the facts involved in the difficulty between him and the accused. Afterwards Conley brought an action for damages against the Arnolds because of the beating they had inflicted upon him. In this case Mr. Hill appeared as counsel for the defendants, and represented them so successfully that the trial resulted in a verdict for the plaintiff for only one dollar and costs. No objection was made by the plaintiff to Mr. Hill's appearance for and representation of the defendants. So far as the record discloses, nothing whatever was said on this subject until after the verdict has been rendered. In his motion for a new trial, the plaintiff inserted a ground alleging that the verdict ought to be set aside because the appearance of the solicitor-general as counsel for the defendants, whom he had prosecuted for the identical assault on which the present case is based, was calculated to prejudice the jury against the plaintiff's case.

We do not think it was lawful or consistent with public policy or with sound professional ethics for Mr. Hill to represent the defendants in this case. We have not the slightest idea that anything intentionally wrong or unbecoming on his part was intended, but we feel constrained to hold that he had no right to be in any way connected with the defence to Conley's action. In *Gaulden et al.* v. *The State,* 11 *Ga.* 47, this court held in explicit terms that public policy forbade that a solicitor-general, after the expiration of his term of office, should be employed as counsel to defend a person against whom, while in office, he had instituted a prosecution by preferring an indictment. The same public policy is applicable in a case like that now before us.

We think, however, the objection to the competency of Mr. Hill came too late. It ought to have been made at least before the trial actually began. Upon this ground of the motion, therefore, we could not feel authorized to set the verdict aside.

2. It appears from the evidence that Frank A. Arnold was a brother, and that Reuben R. Arnold was a son, of Reuben Arnold. The defendants filed a joint plea of justification. Afterwards, an amendment was offered which began with these words : " The *defendant* amends *his* plea of justification, and says that in addition to the matters of justification therein set out," etc. The amendment then proceeded to allege that the plaintiff had, maliciously and without any probable cause, falsely brought in Fulton superior court a rule against the " defendant " for the purpose of disbarring him as an attorney, and set out the petition which Conley had filed for this purpose. This amendment was evidently offered in behalf of Reuben Arnold. It was objected to mainly on the ground that the matters set forth therein did not amount to a justification of the battery. The defendants then offered to plead the facts connected with the

effort to disbar Reuben Arnold, in mitigation of damages, and this the court allowed. The only objection, of any consequence, to the offered amendment, was that it did not set up facts amounting to a justification. This position was sustained by the trial judge, and he so distinctly ruled. If, however, the amendment did allege facts which could properly be received in mitigation of damage, the objection already mentioned presented no legal reason for rejecting the amendment. We are not now called upon to enter into a discussion of the merits of the amendment as a plea in mitigation. Nothing in the record properly presents for our adjudication the question whether or not the matters alleged in the amendment would be good in mitigation, and it is therefore left open to be passed upon at the next trial, if it should arise.

3. As already stated, the verdict in favor of the plaintiff was for one dollar and costs. By finding for the plaintiff, the jury necessarily found that the plea of justification was not sustained. Consequently, even if the plaintiff was entitled to nominal damages only (which we by no means wish to be understood as asserting), he was entitled to a verdict for an amount sufficient at least to carry against the defendants all the costs of the action. It was laid down in *Ransone* v. *Christian*, 56 *Ga.* 351, that "nominal damages mean in law some small amount sufficient to cover and carry the costs." Under section 3681 of the code, in an action for assault and battery, if the jury shall find the damages to be less than ten dollars, the plaintiff shall recover no more costs than damages unless the judge certifies that an aggravated assault and battery was proved. The insertion of the words "and costs" in the verdict would not, of itself, be sufficient to carry all the costs against the defendants. See *Hardin* v. *Lumpkin*, 5 *Ga.* 452. Under the principle announced in this case, a verdict for one

dollar and costs would enable the plaintiff to recover only *one dollar* of the costs. It stands demonstrated, therefore, that Conley was entitled to a recovery of at least ten dollars damages; and as the jury did not find this much in his favor, a new trial is ordered. We certainly do not mean to intimate that the recovery in his favor should, at the last trial, have been limited to ten dollars. This amount is here mentioned solely because it is indispensably necessary to do so in presenting the argument to show that the verdict is contrary to law. Accordingly, there must be no inference that we have in mind this or any other sum as the one which the jury ought to have found. Nor do we express any opinion as to what the verdict should be when the case is tried again. We leave the whole matter open for investigation and determination, with due regard to the law and the rights of the parties on both sides.

*Judgment reversed.*