8040.   SAUNDERS *v.* PARKER.

The provision of the code, that "In actions of assault and battery, and in all other personal actions, wherein the jury upon the trial thereof shall find the damages to be less than ten dollars, the plaintiff shall recover no more costs than damages, unless the judge, at the trial thereof, shall find and certify on the record that an aggravated assault and battery was proved" (Civil Code of 1910, § 5984), applies to actions for positive torts to the person, and not to suits for mere negligent injury.

DECIDED JUNE 18, 1917.

Action for damages; from Evans superior court—Judge Sheppard.   June 1, 1916.

The plaintiff, a rural mail-carrier, was accustomed to carry his mail on a motorcycle over a private road running through the defendant's land. The defendant, without notice or warning to him, stretched a wire fence across the private roadway, and the plaintiff ran into the fence and was injured. He claimed damages in the sum of $2,000, and the jury returned a verdict in his favor in the

sum of $5. His motion for a new trial was overruled, and he excepted.

*J. P. Moore, S. T. Brewton,* for plaintiff.

*Daniel & Daniel, H. H. Elders,* for defendant.

GEORGE, J. (After stating the foregoing facts.)

1. The plaintiff in error contends that his action falls within the provision of section 5984 of the Civil Code of 1910, and that since he is, by the terms of that section, entitled to no more costs than the damages recovered, the verdict is contrary to law. He relies upon the decisions of the Supreme Court in *Conley* v. *Arnold,* 93 *Ga.* 823 (3) (20 S. E. 762), and *Kirby* v. *Thompson,* 138 *Ga.* 544 (75 S. E. 625). In *Conley* v. *Arnold,* supra, it was held that "in an action for a personal injury, where a plea of justification is filed, and the jury finds for the plaintiff damages to the amount of one dollar only, the verdict is contrary to law; for in such case failure of the defendant to prove justification entitles the plaintiff to a verdict which would carry all the costs of the action, and under section 3681 of the code [Civil Code of 1910, § 5984], a verdict for one dollar and costs would not have this effect." This ruling is followed in *Kirby* v. *Thompson,* supra. In each case the wrong was admitted, and a plea of justification filed. The jury having found against the plea, it necessarily followed that the verdict was contrary to law. The reasoning in those cases does not apply to the facts in the instant case. Here the negligence is not admitted, but is specifically denied. In addition, the contributory negligence of the plaintiff in error is specially pleaded. In our opinion, however, the present case does not fall within the provisions of § 5984 of the Civil Code, which is as follows: "In all actions upon the case for slanderous words, in any court having jurisdiction of the same, if the jury shall render a verdict under ten dollars, then the plaintiff in such action shall have and recover no more costs than damages. In actions of assault and battery, and in all other personal actions, wherein the jury upon the trial thereof shall find the damages to be less than ten dollars, the plaintiff shall recover no more costs than damages, unless the judge, at the trial thereof, shall find and certify on the record that an aggravated assault and battery was proved." The first and second sentences of this code-section appear in all prior codes as separate sections. The history of the first sentence is given in the case of

*Hardin* v. *Lumpkin,* 5 *Ga.* 452. It was derived from a provincial statute of 1767, adopted by the legislature in 1784. The second sentence of the section was derived from an English statute (Statutes of 22d and 23d Charles II), which is given in Schley's Digest, 251, as one of the English statutes of force in the State of Georgia on the 14th day of May, 1776, and therefore of force under the act of 1784, making the common law and statute law of England prior to 1776 the law of this State. The English statute was as follows: "And for prevention of trivial and vexatious suits in law, whereby many good subjects of this realm have been and are daily undone, contrary to the intention of an act made in the three and fortieth year of Queen Elizabeth, for avoiding of infinite numbers of small and trifling suits commenced in the courts at Westminster, be it further enacted, for making the said law effectual, that from and after the first of May aforesaid, in all actions of trespass, assault and battery, and other personal actions, wherein the judge at the trial of the cause shall not find and certify under his hand upon the back of the record, that an assault and battery was sufficiently proved by the plaintiff against the defendant, or that the freehold or title of the land mentioned in the plaintiff's declaration was chiefly in question, the plaintiff in action, in case the jury shall find the damages to be under the value of forty shillings, shall not recover or obtain more costs of suit than the damages so found shall amount unto."

In 2 Tidd's Practice (4th Am. ed.), 962, it is said: "It seems to have been the intention of this statute, that the plaintiff should have no more costs than damages, in any personal action whatsoever, if the damages were under forty shillings, except in cases of battery, or freehold; and not even in these, without a certificate; and this construction was adopted in some of the first cases that arose upon the statute. But a different construction soon prevailed; and it is now settled, that the statute is confined to actions of assault and battery; and actions for local trespasses, wherein it is possible for the judge to certify, that the freehold or title of the land was chiefly in question. Therefore it does not extend to actions of assumpsit, debt, covenant, trover, false imprisonment, or the like; or to actions for a mere assault; or for criminal conversation, or battery of the plaintiff's servant."

In *Mangham* v. *Reed,* 11 *Ga.* 137, Nesbit, J., speaking for the

court, said: "Whether trespass for injuries to personal property is within the provisions of this statute, I do very much doubt. I am, indeed, inclined to believe that injuries to personal chattels are not within it. It has certainly been ruled in the British courts that when a party goes for a substantive, independent injury, done to personal chattels, this statute does not apply." Compare also *Grant* v. *General Baptist Convention*, 10 *Ga. App.* 392 (73 S. E. 422), to the effect that an action of trover, although the plaintiff elects to take a verdict for damages, is not within the section. Following the decision in *Mangham* v. *Reed*, supra, the Code of 1861 contained, as § 3607 thereof, the provision practically as it appears in the second sentence of § 5984 of the present code. This provision of our code applies to actions for assault and battery and all other personal actions, which we understand to mean other positive torts to the person of similar character to an unlawful beating. The present action for a mere negligent injury to the person of the plaintiff in error does not fall within the section. The defendant in error, having been cast in the suit, is liable for all the costs thereof.

2. The remaining assignments of error are without substantial merit. The negligence of the defendant was slight, the injury to the plaintiff in error was likewise slight, and his contributory negligence great. The evidence authorized the jury to find for the plaintiff actual damages, but did not require a verdict in his favor in excess of the amount returned.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*