## A01A2028. GEORGIA BAPTIST HEALTH CARE SYSTEM, INC. et al. v. HANAFI.

(559 SE2d 746)

ELLINGTON, Judge.

Appellants Georgia Baptist Health Care System, Inc. ("Georgia Baptist") and Arnall, Golden & Gregory, LLP ("AGG")[1] challenge the trial court's order disqualifying AGG as Georgia Baptist's defense counsel in this suit brought by Dr. Magdi Hanafi to reinstate his medical privileges. We granted an interlocutory appeal to consider whether the trial court properly determined that AGG should be disqualified based upon a conflict in representation. Because the evidence adduced reveals that Hanafi waived the conflict, the trial court should have denied the motion. For this reason, we reverse.

The record reveals these pertinent facts. Since 1991, Hanafi and Georgia Baptist have been involved in a dispute concerning Hanafi's reapplication for certain restricted or previously denied hospital privileges. In 1994, Hanafi retained Jim Kelly & Associates ("the Kelly firm") to represent him through a peer review hearing process at which a panel of physicians reconsidered Hanafi's reapplication for the reinstatement of those privileges. Georgia Baptist's hospital board affirmed the hearing panel's decision to deny Hanafi's reapplication for privileges. The Kelly firm's representation ended in April 1996. Shortly thereafter, Chilivis, Cochran, Larkins & Bever ("Chilivis Cochran") represented Hanafi in a Fulton County suit to enjoin any final action by Georgia Baptist. The trial court denied Hanafi's motion for an interlocutory injunction, and the order was affirmed on appeal. *Hanafi v. Ga. Baptist Med. Center,* 226 Ga. App. XXVII (1997).

Since the beginning of this dispute, Georgia Baptist was represented by Duvall, McCumber & Doverspike, P.C. ("DMD"). On June 17, 1996, attorney William Pike moved from the Kelly firm to DMD.

---

[1] Hanafi contends AGG lacks standing to appeal the disqualification order. We do not reach the issue of AGG's standing, however, because Georgia Baptist is clearly aggrieved by the order and has standing to appeal. See OCGA § 5-6-33.

Pike was an associate at the Kelly firm and worked on Hanafi's case during the hospital's administrative hearing process. The evidence shows that when DMD hired Pike, it erected a "Chinese wall"[2] to screen Pike from the Hanafi case. Further, DMD contacted Chilivis Cochran and notified the firm and Hanafi of Pike's employment and of the steps taken to prevent any improper communication. In a July 3, 1996 letter to Hanafi's counsel, DMD expressed its understanding that Hanafi and his counsel "waived any objection or challenge to and expressly agreed to [DMD's] continued representation of [Georgia Baptist]." Hanafi admits he was aware of the conflict in July 1996. While Chilivis Cochran represented Hanafi, Hanafi did not object or file a motion to disqualify. However, 17 months later and after retaining new counsel, Hanafi moved to disqualify DMD. In the interim between the motion's filing and the trial court's ruling on it, DMD merged with AGG. On January 26, 1998, the trial court denied Hanafi's motion to disqualify, finding it both moot and untimely. There is no record evidence that Hanafi appealed this order. A year later, Pike left AGG and began working in-house with Georgia Baptist. In June 1999, Hanafi dismissed the suit without prejudice.

On December 14, 1999, Hanafi filed the underlying renewal action. AGG answered the complaint on behalf of Georgia Baptist. The parties conducted discovery. On March 29, 2000, Hanafi filed an amended complaint, which AGG again answered. After the trial court entered a consent order extending discovery, and more than eight months after AGG's entry of appearance on behalf of Georgia Baptist, Hanafi moved to disqualify the firm. The trial court granted Hanafi's motion and disqualified AGG based upon the imputed conflict, but failed to consider whether the conflict had been waived.

"[T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution." *Blumenfeld v. Borenstein*, 247 Ga. 406, 408 (276 SE2d 607) (1981). Disqualification not only curtails a client's right to counsel of choice, but results in expense and delay that are costly both to the client and to the administration of justice. See *Reese v. Ga. Power Co.*, 191 Ga. App. 125, 127 (2) (381 SE2d 110) (1989). Consequently, "[a] motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion." (Citations omitted.) *Jackson v. J. C. Penney Co.*, 521 FSupp. 1032, 1034 (N.D. Ga. 1981). A failure to make a reasonably prompt motion to disqualify may result in the conflict being waived.

---

[2] "Chinese wall" is a term used to describe a variety of screening measures that may be employed to prevent an attorney who is tainted by an ethical conflict from "infecting" the entire firm. See *Cromley v. Bd. of Ed. of &c. School Dist. No. 205*, 17 F3d 1059, 1065 (7th Cir. 1994).

Id.; see also *Conley v. Arnold*, 93 Ga. 823, 824 (20 SE 762) (1894); cf. *Summerlin v. Johnson*, 176 Ga. App. 336, 341 (335 SE2d 879) (1985).

"Although the length of the delay in bringing a motion to disqualify is obviously important, it is not dispositive." (Citation omitted.) *Chem. Waste Mgmt. v. Sims*, 875 FSupp. 501, 505 (B) (N.D. Ill. 1995). The court must consider the length of the delay in light of the circumstances of the particular case, which include "when the movant learned of the conflict; whether the movant was represented by counsel during the delay; why the delay occurred; and whether disqualification would result in prejudice to the nonmoving party." (Citations omitted.) Id. The court must then weigh these factors against the seriousness of the conflict alleged and the extent to which the public's confidence in the administration of justice would be eroded if the motion was denied. See *In re Corrugated Container Antitrust Litigation v. Alton Box Bd. Co.*, 659 F2d 1341, 1348-1349 (5th Cir. 1981). The court should also be sensitive to the possibility that there may be situations where "[the] disqualification would raise more public suspicion than it would quell." Id. at 1349.

In this case, the evidence adduced demands a finding of waiver. The record reveals that Hanafi, when represented by counsel, learned of the conflict in July 1996 during the suit which preceded the instant renewal action. There is some evidence that he consented[3] to the conflict. Moreover, there is no evidence that Hanafi withdrew that consent based upon some reasonable ground, like a breach of DMD's screening procedures. Hanafi also waited 17 months after learning of the conflict before he filed his first motion to disqualify. A delay of this length is inconsistent with a legitimate concern over the misuse of client confidences and is some evidence that the matters litigated are either unrelated to the prior representation or that the client does not suspect unethical conduct by former counsel. Further, the motion to disqualify was not filed until after an adverse ruling of the trial court. This is some evidence that the disqualification motion may have been interposed for harassment or delay. Similarly, in the renewal action, even though Hanafi was well aware of the conflict when AGG filed its first answer, Hanafi waited

---

[3] The conflict at issue – successive adverse representation in a substantially related matter – is one to which Hanafi could have consented. Rule 1.9 (a) of the Code of Professional Responsibility provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." The trial court, however, erroneously determined that Hanafi could not consent to the conflict. It misapplied Rule 1.7 (c) (2), which pertains to situations involving multiple contemporaneous representation, not successive adverse representation. See *Humphrey v. State*, 244 Ga. App. 808, 810 (2) (537 SE2d 95) (2000).

over eight months to file its motion to disqualify. At this point, discovery was almost complete.

AGG and its predecessor firm, DMD, have defended Georgia Baptist against Hanafi's claims for over ten years. We may infer that Georgia Baptist is heavily invested in its counsel of choice. Disqualifying AGG at this juncture would deprive Georgia Baptist of counsel who, by virtue of the time spent on this matter, is uniquely experienced. It would be costly and it would further delay the resolution of this matter. Finally, although the nature of the conflict alleged is serious, it is the type of conflict which may be managed and ameliorated through screening and other prophylactic measures to protect client confidences. The evidence shows that DMD promptly screened attorney Pike from all matters relating to Hanafi. Further, we see no evidence that those procedures were ineffective or were breached. Under these circumstances, AGG's continued representation of Georgia Baptist would not undermine public trust in the legal profession or in the administration of justice. Weighing these factors, we conclude that Hanafi's motion to disqualify was untimely and the conflict waived. Because the trial court erred in disqualifying AGG, we must reverse that order.

*Judgment reversed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 31, 2002 —

*Arnall, Golden & Gregory, Timothy A. Baxter, Andrew B. Flake, Kevin B. Getzendanner*, for appellants.

*Weinstock & Scavo, Michael Weinstock, Louis R. Cohan, Jami M. Kohn, Jones, Day, Reavis & Pogue, Ruth H. Gershon*, for appellee.

