## A03A0146. HEAD v. CSX TRANSPORTATION, INC.
(577 SE2d 12)

ELDRIDGE, Judge.

This is a discretionary appeal from the grant of new trial to CSX Transportation, Inc., a Virginia corporation in the interstate railroad business, from a jury verdict against it in a Federal Employers' Liability Act case. The grant of the new trial was on the special grounds of conflict of interest between plaintiff's counsel and an affiliated cor-

poration to CSXT; the basis of the alleged conflict in interest was that one of the counsel for the plaintiff had a partner who had represented CSX Intermodal, Inc., a Delaware corporation in the trucking business, in another unrelated case, unbeknownst to plaintiff's counsel and which representation was not discovered until jury deliberation but which was prior to the verdict and judgment. Finding that the trial court erred as a matter of law in ruling on the special grounds for a new trial that had not been preserved by motion made prior to entry of judgment, we reverse, without the necessity of determining if there actually existed a conflict or if such conflict mandated a new trial. Accordingly, we vacate the order granting a new trial, reinstating the judgment.

On Wednesday, July 11, 2001, the trial commenced; on or before Friday, July 13, 2001, CSXT learned that a purported conflict of interest existed between Ms. Thomas as plaintiff's co-counsel and her partner, Michael Goldman, in the large firm of Hawkins & Parnell. Goldman was representing CSX Intermodal in separate litigation in which CSXT had been sued in what was, in reality, a workers' compensation case against CSX Intermodal and not a valid suit against CSXT. On Friday, CSXT complained to plaintiff's counsel about the alleged conflict but neither informed the trial court nor made a motion to the court. Although CSXT knew of the alleged conflict during trial, prior to the return of the verdict, and prior to the entry of judgment, it made no timely motion to disqualify counsel or to have the trial court take any corrective action. Even on Monday, July 16, 2001, when judgment was entered, CSXT remained silent and did not bring the issue before the trial court by motion. However, on July 27, 2001, for the first time in the motion for new trial as a special ground, some 14 days later, CSXT raised the issue of conflict of interest of counsel for the first time. On February 7, 2002, the trial court granted a new trial on this special ground of conflict of interest.

Plaintiff contends that CSXT failed to timely raise the conflict issue, waiving it, and that the trial court erred as a matter of law in granting a new trial based upon such special grounds. We agree.

It has long been the law in Georgia that a party must make either a written or oral objection or motion timely prior to or at trial so that the trial court may rule upon the issue to preserve it, or such issue is waived and not preserved. A party is not allowed to remain silent regarding an objection or grounds for error and gamble on a favorable jury verdict, expecting that he can raise such objection later in a motion for new trial. *Hardeman v. State*, 272 Ga. 361, 362 (529 SE2d 368) (2000); *Spencer v. State*, 260 Ga. 640 (398 SE2d 179) (1990). Such tactics result in the alleged error being waived. *Wilkes v. Dept. of Transp.*, 176 Ga. App. 739, 742 (3) (b) (337 SE2d 404) (1985).

Such gamesmanship brings the counsel and the judicial system into disrepute.

> [T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. The mere fact that the public may perceive some conduct as improper is, without some actual impropriety, insufficient justification for interference with a client's right to counsel of choice.

*Blumenfeld v. Borenstein,* 247 Ga. 406, 408 (276 SE2d 607) (1981). "Disqualification not only curtails a client's right to counsel of choice, but results in expense and delay that are costly both to the client and to the administration of justice." (Citation omitted.) *Ga. Baptist Health Care System v. Hanafi,* 253 Ga. App. 540, 541 (559 SE2d 746) (2002).

A conflict of interest motion or objection to counsel must be timely raised, and "[a] motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion." (Citation and punctuation omitted.) *Ga. Baptist Health Care System v. Hanafi,* supra at 541. "A failure to make a reasonably prompt motion to disqualify may result in the conflict being waived." Id. When a civil case is in the discovery stage four months after filing and when no prejudice results from cost or delay, "under [these] circumstances we consider [such time] reasonably prompt." (Citations omitted.) *Summerlin v. Johnson,* 176 Ga. App. 336, 341 (3) (335 SE2d 879) (1985). However, at or during trial, such motion involves both delay and potential prejudice to the nonmoving party and causes a squandering of judicial resources. *Ga. Baptist Health Care System v. Hanafi,* supra at 542.

> Although the length of the delay in bringing a motion to disqualify is obviously important, it is not dispositive. The court must consider the length of the delay in light of the circumstances of the particular case, which include "when the movant learned of the conflict; whether the movant was represented by counsel during the delay; why the delay occurred; and whether disqualification would result in prejudice to the nonmoving party." The court must then weigh these factors against the seriousness of the conflict alleged and the extent to which the public's confidence in the administration of justice would be eroded if the motion was denied.

(Citations and punctuation omitted.) Id. Where trial is calendared or commenced, delay in making such motion will result in prejudice to the nonmoving party and cause the waste of judicial resources,

requiring a shorter time between learning of the facts for disqualification and such motion to disqualify. Id.

Some guidance may be gleaned from the procedure to recuse a judge. Under Uniform Superior Court Rule 25, the motion to recuse the trial court is almost as drastic as a motion to disqualify a party's counsel immediately prior to, during, or after trial, because in any event, delay results. USCR 25 states:

> [f]iling and presentation to the judge [of a motion to recuse or disqualify] shall be not later than five (5) days after the affiant first learned of the alleged grounds for disqualification, and not later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification, unless good cause be shown for failure to meet such time requirements. In no event shall the motion be allowed to delay the trial or proceeding[s].

Such procedure has worked effectively, justly, and fairly to all parties for recusal of judges; this procedure may establish a reasonable standard for motions for disqualification of counsel ten days or less prior to trial, during, or after trial by setting an objective standard to avoid delaying tactics, to provide justice, and to avoid prejudice to the non-moving party. *Hunnicutt v. Hunnicutt*, 248 Ga. 516, 518 (1) (283 SE2d 891) (1981); *Von Hoff v. Carmichael*, 204 Ga. App. 760, 761-762 (3) (420 SE2d 643) (1992). However, in this case, CSXT never made a motion to disqualify plaintiff's co-counsel prior to entry of judgment, even within such standards; instead, CSXT sought to use such ground as the special ground for a motion for new trial.

An error occurring prior to or during trial must be timely raised so that the trial court may be afforded an opportunity to cure the error or mitigate its prejudice; such error during trial cannot be raised for the first time on motion for new trial. See *Fulton v. State*, 232 Ga. App. 898, 902 (6) (503 SE2d 54) (1998); *McMillian v. Rogers*, 223 Ga. App. 699, 701 (1) (b) (479 SE2d 7) (1996). Where the grounds for disqualification of counsel for the opposite party are known prior to the jury verdict, then disqualification must be immediately made as an objection or motion to disqualify, because to wait until after the verdict has been returned is too late, waiving such objection. *Conley v. Arnold*, 93 Ga. 823 (1) (20 SE 762) (1894); see also *Allen v. State*, 150 Ga. App. 109, 110 (2) (257 SE2d 5) (1979); *Corvair Furniture Mfg. Co. v. Bull*, 125 Ga. App. 141, 144-146 (4) (186 SE2d 559) (1971). Thus, the trial court erred as a matter of law in granting a new trial on the special grounds of disqualification, because such grounds had been waived and not preserved by CSXT.

*Judgment reversed and order vacated. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 16, 2003 —
RECONSIDERATION DENIED JANUARY 31, 2003.

*Taylor, Harp & Callier, John S. Taylor, John A. Harp, Jefferson C. Callier*, for appellant.

*Casey, Gilson & Leibel, James E. Gilson, Sandra Gray, L. Ray Patterson*, for appellee.