A92A0696. CLOS et al. v. PUGIA.
(420 SE2d 774)

Carley, Presiding Judge.

As the result of a vehicular collision, appellee-plaintiff and her husband at the time, Mr. Edward Pugia, brought suit against appellant-defendants. After a divorce, however, Mr. Pugia settled with appellants. Subsequently, appellee moved to disqualify appellants' counsel and appellants moved to quash the deposition of appellee's physician. The trial court granted appellee's motion to disqualify and denied appellants' motion to quash. The trial court's order denying appellants' motion for reconsideration was certified for immediate review and appellants' application for an interlocutory appeal was granted. See *Aetna Cas. & Surety Co. v. Cantrell*, 197 Ga. App. 672 (1) (399 SE2d 237) (1990).

1. Appellee and Mr. Pugia were originally represented by the same counsel. After the divorce, however, Mr. Pugia was given notice of counsel's intention to withdraw as his counsel and a motion to that effect was filed in the trial court. Pending the trial court's ruling on the motion to withdraw, Mr. Pugia initiated contact with one of ap-

pellants and appellants' counsel was informed of Mr. Pugia's communication. Appellants' counsel then contacted Mr. Pugia. Mr. Pugia stated that his counsel had sent him a withdrawal notice and that he was representing himself. Mr. Pugia also indicated to appellants' counsel that appellee's alleged injuries pre-existed the collision.

Although appellee had never been contacted, she moved to disqualify appellants' counsel based upon the ex parte contact with Mr. Pugia. Appellants urge that the trial court erred in granting appellee's motion to disqualify their counsel.

At the time of the ex parte communication between appellants' counsel and Mr. Pugia, Mr. Pugia was still represented by counsel of record. Only subsequent to the ex parte communication did the trial court enter an order allowing counsel who originally represented both appellee and Mr. Pugia to withdraw as counsel of record for the latter. Accordingly, the ex parte communication was violative of applicable standards of professional conduct. Standard 47 of Rule 4-102 of the State Bar of Georgia. It follows that it would be no abuse of discretion to find that appellants' counsel had not "properly complied with the Bar's ethical directory and disciplinary rules." *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 575 (1) (377 SE2d 15) (1988). Although the trial court did find that there was no wilfulness on the part of appellants' counsel, the ex parte communication was, nevertheless, a " 'specifically identifiable impropriety' " which was at least technically violative of the applicable standards of professional conduct. *Kleiner v. First Nat. Bank of Atlanta*, 751 F2d 1193, 1210 [23] (11th Cir. 1985). It is necessary "to distinguish between disbarment and the less serious sanction of disqualification from a particular case. The standards are more relaxed for the latter." *Kleiner v. First Nat. Bank of Atlanta*, supra at 1210 [23], fn. 34.

However, "[t]he rules of disqualification of an attorney will not be mechanically applied; rather, we should look to the facts peculiar to each case in balancing the need to ensure ethical conduct on the part of lawyers appearing before the court and other social interests, which include the litigant's right to freely chosen counsel. [Cit.]" *Stoddard v. Bd. of Tax Assessors*, 173 Ga. App. 467, 468 (1) (326 SE2d 827) (1985). "[T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution." *Blumenfeld v. Borenstein*, 247 Ga. 406, 408 (1) (276 SE2d 607) (1981). A review of the record demonstrates that the trial court was aware of its obligation to "weigh the degree to which [counsel's] retention would have eroded pubic trust in the judiciary against [appellants'] interest in retaining counsel of choice." *Kleiner v. First Nat. Bank of Atlanta*, supra at 1210 [23]. We find no abuse of discretion in the trial court's ultimate deter-

mination that, although counsel had not acted wilfully, the appearance of impropriety nevertheless outweighed appellants' interest in being represented by their counsel of choice. See *Rivers v. Goodson*, 184 Ga. App. 70 (1) (360 SE2d 740) (1987). Compare *Stoddard v. Bd. of Tax Assessors*, supra at 468 (1).

"The ultimate determination of whether an attorney should be disqualified from representing a client in a judicial proceeding rests in the sound discretion of the trial judge. [Cits.] Our review of the record reveals no abuse of discretion in [granting appellee's motion] to disqualify [appellants' counsel]." *Gene Thompson Lumber Co.*, supra at 574-575 (1).

2. There was no error in denying the motion to quash the deposition of appellee's physician, over appellants' contention that notice of the taking thereof was never received. "It is undisputed that service was made in compliance with the provisions of [OCGA § 9-11-5 (b)]. Where service is properly made, actual notice is not required. [Cit.]" *Allen v. Bd. of Tax Assessors*, 247 Ga. 568, 569 (277 SE2d 660) (1981).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 25, 1992 —
RECONSIDERATION DENIED JULY 8, 1992 — 

*Eason, Kennedy & Associates, Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellants.
*Bernard L. Hoppenfeld*, for appellee.