[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Frank Bonito, an attorney admitted to the bar of Connecticut, appeals a decision of the defendant statewide grievance committee reprimanding him based upon a complaint by Lori Welch-Rubin (complainant), also a member of the bar. The defendant reprimanded the plaintiff for violating Rule 4.2, Communication with Person Represented by Counsel. The court finds the issues in favor of the defendant.
While this appeal is not governed by the Uniform Administrative Procedures Act, the same principles as to the scope of review apply. Pinsky v. Statewide Grievance Committee,216 Conn. 228, 234-35 (1990); Practice Book § 27N. Subsection (f) of Practice Book § 27N reads as follows:
 Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Thus, the role of this court is limited "to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct." (Internal quotation marks and citations omitted:) Weiss v. Statewide GrievanceCommittee, 227 Conn. 802, 812 (1993).
The record reveals the following facts. The plaintiff represented a petitioner in a custody matter in juvenile court involving the petitioner's grandchild. On March 1, 1994, a stipulated agreement was reached and approved by the court between the plaintiff's client and the child's mother, who was CT Page 13181 represented by Attorney Lori Welch-Rubin, the complainant. On April 5, 1994, a meeting was held involving the child's mother, three social service agencies and the petitioner. The plaintiff was also present at that meeting, but the complainant was not.
On May 3, 1994, the complainant filed a grievance complaint with the committee asserting violations of Rules 4.2, 8.3 and 8.4 by the plaintiff. On July 5, 1994, the grievance panel for the Judicial District of New Haven found no probable cause for any of the alleged violations. On September 22, 1994, a reviewing committee for the defendant found probable cause for a violation of Rule 4.2. A hearing was held on December 8, 1994, January 4, 1995, and May 3, 1995. On April 16, 1996, the committee issued a proposed final decision to which the plaintiff filed a response. On May 13, 1996, the committee issued a revised proposed decision to which the plaintiff filed the same response. On June 21, 1996, the committee adopted the proposed final decision to reprimand the plaintiff for violating Rule 4.2.
In that decision, the committee concluded:
 This reviewing committee finds the following violations of the Rules of Professional Conduct by clear and convincing evidence:
 This reviewing committee concludes that the Respondent at the April 5, 1994 meeting communicated about the subject of the representation with the Complainant's client, who the Respondent knew to be represented by the Complainant without the Complainant's consent in violation of Rule 4.2 of the Rules of Professional Conduct. It is the opinion of this reviewing committee that in ongoing litigation the lawyer represents the client for purposes of Rule 4.2 as long as that individual is the lawyer of record in the matter or the court permits a withdrawal. It is the further opinion of this reviewing committee that an attorney has a responsibility to inquire about the duration of the representation with the attorney. The committee notes that the record does not contain clear and convincing evidence that the Respondent intended to prejudice the position of the Complainant or that the position of the Complainant was actually prejudiced by the CT Page 13182 Respondent's communication with the Complainant's client. We recommend that the Statewide Grievance Committee reprimand the Respondent.
The plaintiff first argues that the reviewing committee exceeded its authority by failing to follow the procedures of the Practice Book and violated rules of res judicata, collateral estoppel and issue preclusion. Specifically, the plaintiff argues that after the panel determined that no probable cause existed, the committee did not follow Practice Book § 27J in making an independent review of the probable cause determination before holding a full hearing.[1] The record does not support this claim. After the panel determined there was no probable cause, a reviewing committee did determine there was sufficient probable cause to hold a hearing. (Return of Record, (ROR), Item 11.) A full hearing was then held before another reviewing committee. Accordingly, since the committee complied with procedure set forth in Practice Book 27J, the first argument must fail. See Kucej v.Statewide Grievance Committee, 239 Conn. 449, 457-61 (1996).
The plaintiff also argues that there is not substantial evidence in the record to prove by clear and convincing evidence that he violated Rule 4.2. That rule provides:
 In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.
The standard of proof for determining whether an attorney has violated the Code of Professional Conduct is clear and convincing evidence. Statewide Grievance Committee v. Presnick,215 Conn. 162, 171-72 (1990). "The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof." Weiss v. Statewide GrievanceCommittee, 227 Conn. 802, 812 (1993).
 "`[C]lear and convincing proof' denotes a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is CT Page 13183 sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." Dacey v. Connecticut Bar Assn., 170 Conn. 520, 536-37, 368 A.2d 125 (1976).
(Footnote omitted.) Wildwood Associates, Ltd. v. Esposito,211 Conn. 36, 42 (1989); see also Lopinto v. Haines, 185 Conn. 527,534 (1981). ("The phrase `clear, substantial and convincing evidence' fairly characterizes that degree of belief that lies between the belief that is required to find the truth or existence of the issuable fact in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution.")
The committee found that the plaintiff "communicated about the subject of the representation with [the complainant's] client, who the [plaintiff] knew to be represented by [the complainant]." There is substantial evidence in the record to prove by clear and convincing evidence that the plaintiff communicated with the complainant's client about the subject of the representation. The April 5, 1994 meeting with the rehabilitation counselor pertained to issues contained in the stipulated court order between the parties. (ROR, Item 22, p. 15.) Further, it is undisputed that the plaintiff did not attempt to obtain the consent of Welch-Rubin before talking with her client. (ROR, Item 23, Proposed Decision, p. 1.)
The issue of the plaintiff's knowledge of the complainant's representation of the child's mother requires more discussion. The committee explicitly found the record did not contain clear and convincing evidence that prejudice to the complainant's client was intended through or resulted from this communication. That finding is certainly supported by the record.[2] Further, the complainant's client testified before the committee and stated the following:
 A. I told Frank [the plaintiff] and my mother that I fired her in mind before I even gave notice.
(ROR, Item 17, p. 32.) And, in response to the question, "Did [the plaintiff] tell you at any point in time, you should not talk to him because you had an attorney," she responded, CT Page 13184
 A. I told him I fired her in my mind, before I told her out blank.
(ROR, Item 17, p. 33.) The plaintiff knew that Welch-Rubin was court appointed counsel for her client and also recalled that during the April 5, 1994 meeting he advised the complainant's client to "contact her attorney." (ROR, Item 3, p. 14; Item 14, p. 39; Item 22, p. 7.) Further, the rehabilitation counselor present at this April 5 meeting testified that "it was not clear that [Welch-Rubin] was not her attorney at that meeting. Neither by Attorney Bonito, nor Jamie, nor by anyone." (ROR, Item 17, p. 25.) Finally, Welch-Rubin was counsel of record at the time of the communication with her client. This is unlike the situation inState v. Gaines, 36 Conn. App. 454, 462 (1994), where the state's attorney had no knowledge that the defendant was represented by counsel. The Code of Professional Conduct defines "knows" as used in the rules in the terminology section:
 "Knowingly," "known," or "knows" denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances.
Although Welch-Rubin's client told the plaintiff just prior to the meeting that she had fired her "in her mind," there was sufficient evidence to support the committee's finding that the plaintiff knew, from all the circumstances, that Welch-Rubin was her legal representative. In fact, the plaintiff himself testified at some length that he had concerns regarding the competency of the complainant's client to make decisions. Taking into account all the circumstances, the committee properly found that there was clear and convincing evidence that the plaintiff knew that the complainant's client was represented at the time of the communication. In Clos v. Pugia, 420 S.E.2d 774 (1992), the Georgia Court of Appeals upheld an order disqualifying counsel on the basis of Rule 4.2's Georgia counterpart. The facts are somewhat analogous. The attorney in Clos communicated with an opposing party while a motion to withdraw filed by that party's counsel was pending. The court found that because the party had counsel of record the fact that the party indicated to the attorney that he was representing himself did not justify the communication. Id; see also, Jackson v. Ingersoll Rand,50 Cal.Rptr.2d 66, 69 (Cal App. 1 Dist., 1996). CT Page 13185
In Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 236
(1990), the Supreme Court set forth the purpose behind Rule 4.2:
 The purpose of this restriction is to preserve the integrity of the lawyer-client relationship by protecting the represented party from the superior knowledge and skill of the opposing lawyer. The rule is designed to prevent situations in which a represented party may be taken advantage of by opposing counsel. See ABA/BNA Lawyer's Manual on Professional Conduct (1989) 71:303.
The plaintiff argues that in light of the committee's finding that no prejudice resulted or was intended, finding a violation of Rule 4.2 in this case does not serve the above purpose. The court disagrees. The fact that no prejudice occurred does not mean that it could not have. The Pinsky court used the phrase "designed to prevent situations in which a represented party may be taken advantage of by opposing counsel." (Emphasis added.) While the record here reflects that the plaintiff had no intent to take advantage of the represented party, such a finding of intent or motive is not required to find a violation. Presnick v.Statewide Grievance Committee, 18 Conn. App. 316, 322 (1989).
For the above reasons, the plaintiff's appeal is dismissed.
DiPENTIMA, J.