**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 7, 2020**

# In the Court of Appeals of Georgia

A20A0846. PADGETT et al. v. COLLINS MOBILE HOME SALES, INC.

MILLER, Presiding Judge.

In this interlocutory appeal, Jeremy Todd Padgett and Todd Padgett Mobile Home Sales, Inc. (collectively "Padgett"), appeal from the trial court's order granting Collins Mobile Home Sales, Inc.'s ("Collins") motion to disqualify Padgett's counsel. On appeal, Padgett argues that the trial court (1) erred in its determination that Collins had standing to raise the issue of disqualification; (2) erred by failing to consider whether Collins waived its right to seek disqualification; and (3) erred by finding that a particular statement made by Padgett's counsel violated the Georgia Rules of Professional Conduct without affording notice or the opportunity to be heard. Because the trial court failed to consider whether Collins waived the opportunity to

move for disqualification, we vacate the order of disqualification and remand the case to the trial court to conduct a waiver analysis.

The record shows Padgett was an employee of Collins, a company that sells new and used mobile homes and arranges the financing for the sale of mobile homes. According to Collins, Jeremy Padgett created and formed his own company in 2018, Todd Padgett Mobile Home Sales, Inc., and began diverting customers from Collins to his company. Collins alleged that Jeremy Padgett, along with his agents or employees, went to Collins' headquarters and took numerous files including contracts from 29 individual customers and also removed various office supplies and equipment. Collins further alleged that Jeremy Padgett contacted a number of Collins' customers to convince them to renege on their contracts with Collins and to purchase mobile homes from his company.

Collins filed a complaint for an injunction and temporary restraining order against Jeremy Padgett individually and as CEO of his company, and also against his company, seeking a return of the property allegedly taken and to prohibit him from contacting its customers. Collins subsequently amended its complaint, adding claims for breach of fiduciary duty and loyalty and usurpation of a corporate opportunity, and requesting a permanent injunction, punitive damages, and fees for litigation

expenses. Padgett, represented by William E. Callaway Jr. from the law firm of Callaway, Neville & Brinson, answered the complaint and denied the accusations. Collins later filed a motion to disqualify attorney Callaway and his law firm because he and his firm had served as the closing attorney on many of its sales involving its mobile homes and had also assisted Padgett in starting his company. Padgett objected to the motion to disqualify, arguing in part that Callaway and his firm had never represented Collins in any capacity.

Following the hearing, the trial court entered an order granting Collins' motion to disqualify Callaway and his law firm and determined that Callaway and his firm had violated the Georgia Rules of Professional Conduct. Specifically, the trial court found that Callaway had violated Rule 1.7, which prohibits a lawyer from representing or continuing to represent a client if there is a significant risk that the lawyer's interest or the lawyer's duty to another client or third person would adversely affect the representation of the client. The trial court also found that Callaway had violated Rule 1.9 by representing Padgett in a matter that was related to his former representation of Collins and that Padgett's interests were materially adverse to Collins' interests. The trial court further determined that Callaway had violated Rules 3.3 (a) (1) and (4) by falsely asserting that he had never represented

3

Collins at any time with regard to any matter and that Callaway's disqualification also disqualified Callaway's law firm under Rule 1.10. This interlocutory appeal followed.

1. Padgett argues that the trial court erred in granting the motion to disqualify Callaway without first determining whether Collins waived its opportunity to move for Callaway's disqualification prior to granting the motion.[1] We agree and conclude that the trial court erred in granting the motion to disqualify Callaway without first determining whether Collins waived the opportunity to move for Callaway's disqualification.

"We review a [trial] court's decision on a motion to disqualify counsel for an abuse of discretion." *Zelda Enterprises, LLLP v. Guarino*, 343 Ga. App. 250, 253 (806 SE2d 211) (2017).

> First, we recognize that the right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. Indeed, disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, which inevitably causes delay. Furthermore, when an attorney is disqualified, the client may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime

---

[1] We address Padgett's enumerations of error in a different order than that which appears in the brief to this Court.

counsel's specialized knowledge of its operations. Thus, because of the right involved and the hardships brought about, disqualification of chosen counsel should be seen as an extraordinary remedy and should be granted sparingly.

(Citations and punctuation omitted.) Id. at 252-253. Consequently, we have held that "[a] motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion. A failure to make a reasonably prompt motion to disqualify may result in the conflict being waived." (Citation omitted.) *Yates v. Dublin Sir Shop, Inc.*, 260 Ga. App. 369, 372 (2) (579 SE2d 796) (2003). We have also held that "[i]n determining whether to disqualify, the [trial] court *must* consider the length of the delay in light of the circumstances of the particular case, weighing these factors against the seriousness of the conflict alleged and the extent to which public confidence in the administration of justice might be affected were the motion denied." (Emphasis supplied.) Id. See also *Zelda Enterprises, LLLP*, supra, 343 Ga. App. at 253-254 ("In considering if a waiver to file a motion to disqualify has occurred, the trial court must consider four factors: (1) the length of the delay in light of the circumstances of the case, including when the movant leaned of the conflict; (2) whether the movant had counsel during the delay; (3) the cause of the delay; and (4) whether disqualification would cause prejudice to the nonmoving party.

5

Additionally, the [trial] court must weigh these factors against the seriousness of the conflict alleged and the extent to which the public's confidence in the administration of justice would be eroded if the motion was denied.") (citations and punctuation omitted).

Here, although the trial court determined that Collins did not waive the right to move for Callaway's disqualification, it apparently did so by applying the Rules of Professional Conduct. Specifically, the trial court concluded, "[i]n this matter, Collins never waived any conflict nor would it be permitted to do so in these circumstances. See Rule 1.7 (c) (2) of the Georgia Rules of Professional Responsibility." In an identical situation in *Zelda Enterprises, LLLP*, we explained that "although our cases speak in terms of waiving the conflict of interest, it is clear that what we mean is the waiver of the right to move for disqualification due to the alleged conflict of interest." Id. at 254 n. 15. Thus, the trial court failed to consider whether Collins waived the opportunity to move for disqualification. "And without findings of fact and conclusions of law on this potentially dispositive question, we cannot determine whether the trial court abused its discretion in granting the motion to disqualify. Accordingly, we vacate the order of disqualification and remand to the trial court for it to conduct the waiver analysis discussed *supra*." Id. at 254 (vacating

6

and remanding the trial court's order disqualifying counsel where the trial court failed to consider whether the appellees waived the opportunity to move for disqualification).

2. Padgett further argues that the trial court erred by determining that Collins had standing to raise the issue of disqualification and that the trial court erred by determining that a statement made by Callaway violated the Rules of Professional Conduct. In light of our holding in Division 1, however, we decline to address these enumerations of error. See *Zelda Enterprises, LLLP*, supra, 343 Ga. App. at 252 (declining to address the appellant's remaining arguments regarding the trial court's grant of the motion to disqualify, where the trial court failed to address the issue of waiver of the right to move for disqualification).

*Judgment vacated and case remanded with direction. Mercier and Coomer, JJ., concur.*